(1st Dist. 1973); *People v. Ida*, 14 Ill.App.3d 407, 302 N.E.2d 713 (1st Dist. 1973).) We believe that the question of whether defendant knew his control was unauthorized can similarly be established by inference from the surrounding facts. Both questions involve defendant's state of mind, his knowledge and intent, and the only evidence possible, other than defendant's own testimony, must be what reasonable men would infer from surrounding circumstances.

■■ Where evidence is contradictory, the credibility to be attached to defendant's testimony is a matter for the trier of fact, and on review we may not substitute our judgment for that of the jury unless the evidence is so improbable or unsatisfactory as to raise serious doubt of defendant's guilt. (*People v. Bullock*, 123 Ill.App.2d 30, 259 N.E.2d 641 (1st Dist. 1970).) We find that the evidence here was sufficient to support the verdict of guilty.

Judgment affirmed.

STOUDER, P. J., and BARRY, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARTIN URESTE, Defendant-Appellant.

(No. 74-109; 

Third District—May 9, 1975.

98

PER CURIAM.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for the People.

*In re* ESTATE OF JAMES G. LAW, Deceased.—(BERNICE LAW, Petitioner-Appellant, *v.* BANK OF GALESBURG, Ex'r of the Estate of JAMES G. LAW, Deceased, Respondent-Appellee.)

(No. 74-164;

Third District—May 9, 1975.